## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                )

**JOHN F. STEWART**, *et al.*,       )
                                )

        **Plaintiffs,**        )
                                )    **Case No. 1:13-cv-1879-RCL**

      **v.**              )
                                )

**KATHLEEN SEBELIUS**, *et al.*,  )
                                )

        **Defendants.**     )
_____ )

### PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION AND STAY OF PROCEEDINGS

Plaintiffs, by and through undersigned counsel, hereby submit this unopposed motion for a preliminary injunction based on their claim under the Religious Freedom Restoration Act, 42 U.S.C.§ 2000bb et seq.("RFRA"), and unopposed motion for a stay of all proceedings in this case pending the Supreme Court's ruling in *Sebelius v. Hobby Lobby Stores, Inc.*, No. 13-354 (S. Ct.), *cert. granted*, Nov. 26, 2013, and *Conestoga Wood Specialties Corp. v. Sebelius*, No. 13-356 (S. Ct.), *cert. granted*, Nov. 26, 2013.

In *Gilardi v. U.S. Dep't of Health & Human Servs.*, No. 13-5069 (D.C. Cir.), a motions panel of the D.C. Circuit granted an injunction pending appeal and a majority of the merits panel subsequently determined that plaintiffs were likely to succeed on the merits of their RFRA claim. The merits panel left it to the district court to resolve the remaining three preliminary injunction factors. Plaintiffs in that case have filed a petition for writ of certiorari in the Supreme Court and the Court of Appeals has issued a stay of the mandate. *Gilardi*, *Hobby Lobby*, and *Conestoga* all involve legal claims similar to those advanced by plaintiffs in this case against the same federal regulations and the same federal defendants. Consequently, final resolution by the Supreme

Court will invariably affect the legal claims in this case. Moreover, the D.C. Circuit in *Gilardi* granted the appellants' motion for an injunction pending appeal, thereby granting the precise relief requested here by plaintiffs. *See Gilardi,* No. 13-5069 (D.C. Cir. Mar. 29, 2013) (order granting motion for an injunction pending appeal).

In this unopposed motion, plaintiffs request an order enjoining Defendants, until thirty (30) days after the Court of Appeals in *Gilardi* issues the mandate (and by extenstion, after the Supreme Court rules in *Hobby Lobby* and *Conestoga Wood*), from enforcing against Plaintiffs, their employee health plans, the group health insurance coverage provided in connection with such plans, and/or their insurers the statute and regulations that require Plaintiffs to provide their employees insurance coverage for "[a]ll Food and Drug Administration approved contraceptive methods, sterilization procedures, and patient education and counseling for all women with reproductive capacity," 77 Fed. Reg. 8725 (Feb. 15, 2012), as well as any penalties, fines, assessments, or any other enforcement actions for noncompliance, including those found in 26 U.S.C. §§ 4980D, 4980H, and 29 U.S.C. §§ 1132, 1185d.

Defendants believe that *Gilardi* was wrongly decided.  Nevertheless, in light of the motions panel's decision in *Gilardi* granting an injunction pending appeal and the merits panel's decision concluding that plaintiffs in *Gilardi* were likely to succeed on the merits of their RFRA claim, counsel for defendants have indicated that defendants do not oppose plaintiffs' motion for a preliminary injunction on *only* plaintiffs' RFRA claim, to last until 30 days after the Court of Appeals in *Gilardi* issues the mandate. Although defendants do not oppose plaintiffs' motion on RFRA grounds at this time, defendants do not forfeit any legal rights or claims that they may have at a later date.

Should this Court grant Plaintiffs' Unopposed Motion for a Preliminary Injunction, plaintiffs further ask this Court to stay all proceedings in this case pending the resolution of *Hobby Lobby* and *Conestoga* at the Supreme Court and *Gilardi* by the Court of Appeals. Defendants do not oppose this request. District courts have broad discretion in deciding whether to issue a stay pending the resolution of proceedings in another case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936); *see also, e.g., Air Line Pilots Ass'n v. Miller,* 523 U.S. 866, 879 n.6 (1998); *Davis v. Billington,* 775 F. Supp. 2d 23, 29-30 (D.D.C. 2011). Indeed, "[a] trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Hisler v. Gallaudet Univ.,* 344 F. Supp. 2d 29, 35 (D.D.C. 2004); *see also, e.g., IBT/HERE Emp. Representatives' Council v. Gate Gourmet Divs. Ams.,* 403 F. Supp. 2d 289, 292 (D.D.C. 2005) (same); *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

It would be highly inefficient to spend the resources and time of the parties and this Court for litigation to proceed in this case while *Hobby Lobby* and *Conestoga* are being fully resolved by the Supreme Court. *See Ass'n of Irritated Residents v. Fred Schakel Dairy,* 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) ("[T]he district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants.").

In these cases, the Supreme Court will address legal issues that are substantially similar to those presented in this case, involving facts that are analogous in many respects to those in this case, challenging the same regulations that are challenged in this case, and raising claims that are largely indistinguishable from those in this case brought against the same defendants as those in this case. Even if the Supreme Court's rulings do not entirely dispose of this case, the outcome of the decisions in *Hobby Lobby* and *Conestoga Wood* are likely to affect substantially the outcome of this litigation. Nor will there be any prejudice to plaintiffs if the proceedings are stayed, as they will have the benefit of a preliminary injunction during the pendency of the stay.

For these reasons, plaintiffs ask, and defendants do not oppose, for this Court to stay all proceedings in this case until 30 days after the Court of Appeals in *Gilardi* issues the mandate.

Pursuant to Local Rule 7(m), undersigned counsel consulted with defendants' counsel, who represented that defendants do not oppose the relief requested in this motion. Furthermore because the motion is unopposed, plaintiffs have not included a memorandum of law. If the Court requires a memorandum of law on these unopposed issues, plaintiffs will provide one without delay.

Dated February 28, 2014.

Respectfully submitted,

/s/ *Bryan H. Beauman*
Bryan H. Beauman
Sturgill, Turner, Barker & Moloney, PLLC
333 West Vine St., Suite 1400
Lexington, KY 40507
(859) 255-8581
(859) 231-0851 fax
bbeauman@sturgillturner.com

4

John R. Garza
Garza Regan & Associates, P.C.
Garza Building
17 W. Jefferson Street, Suite 100
Rockville, MD 20850
(301) 340-8200
jgarza@garzanet.com

and

Clinton J. Elliott
Attorney & Counselor at Law
P. O. Box 52
Crestwood, KY  40014
(502) 931-2251
clint@legalsolutionsky.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users or have not filed an entry of appearance in this matter.  I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following participant:

Ben Berwick
Trial Attorney
U.S. Department of Justice, Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW, Room 7306
Washington, DC 20530
Direct Dial: 202.305.8573
Benjamin.L.Berwick@usdoj.gov

*s/ Bryan H. Beauman*